## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

**RALPH WILLIAMS,**

      **Plaintiff,**

**vs.**

**HANGER PROSTHETICS &**
**ORTHOTICS, INC.,**

      **Defendant.**                                        **Case No. 06-cv-801-DRH**


## <u>ORDER</u>

**HERNDON, District Judge:**

      In this order the Court raises *sua sponte* the issue of whether it has subject matter jurisdiction over this case. On September 7, 2006, Plaintiff filed a three count complaint against Defendant in the Circuit Court of Williamson County, Illinois, under Case No. 06-L-166. Plaintiff is the owner of a computerized prosthetic leg, purchased from Defendant. Plaintiff alleges that he entrusted the leg to Defendant on September 20, 2005, for updated programming or software applications. Although Defendant allegedly stated that the leg would be available for pickup in two to six weeks, it has yet to be returned to Plaintiff. Therefore, Plaintiff brings claims for the monetary loss of the computer and the computerized prosthetic leg, with costs of suit, reimbursement for gait therapy, as well as other damages,

Dockets.Justia.com

such as for the loss of being "unable to attend to his usual affairs and activities of daily living . . . and . . . pain and suffering that would not have otherwise been reasonably expected . . ." (*see* Doc. 3, pp. 4-9).

Defendant removed this case on October 17, 2006, claiming in its Notice of Removal (Doc. 3), that this Court had diversity jurisdiction pursuant to **28 U.S.C. § 1332**. Defendant asserts that Plaintiff's Complaint "offers 'competent proof' that the damages sough exceed $75,000" (*Id*. at 2). However, the amount in controversy does not seem so obvious from the Court's review of Plaintiff's Complaint.

"Without jurisdiction the court cannot proceed at all in any cause. Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause." ***Ex parte McCardle*, 7 Wall. 506, 514 19 L.Ed. 264 (1868); *Steel Co. v. Citizens for Better Environment*, 523 U.S. 83, 94 (1998)**. Federal courts are "obliged to police the constitutional and statutory limitations on their jurisdiction" and should raise and consider jurisdictional issues. ***See Kreuger v. Cartwright*, 996 F.2d 928, 930-31 (7th Cir. 1993)**; ***Kanzelberger v. Kanzelberger*, 782 F.2d 774, 777 (7th Cir. 1986)**. Therefore, this Court has an independent obligation to assure itself of jurisdiction over the parties' controversy.

Accordingly, the Court asks Defendant to file jurisdictional papers addressing why this Court has subject matter jurisdiction over this matter no later than **Friday, November 17, 2006.** Plaintiffs shall file their responsive paper no

later than **Friday, December 8, 2006**.  The parties' papers should address the amount in controversy requirement under **28 U.S.C. § 1332**.  This is without prejudice to and shall not be confused with Plaintiff's desire to file a motion to remand nor is it a reflection on the deadline therefor.

   **IT IS SO ORDERED.**

   Signed this 17th day of October, 2006.


            /s/    David   RHerndon
            **United States District Judge**